IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PURVI LLC, T/A THE LINCOLN MOTEL | : | CIVIL ACTION |
| 2277 Lincoln Highway | : | |
| Feasterville-Trevose, PA 19103 | : | |
| | : | No. 18-822 |
| vs. | : | |
| | : | |
| NATIONAL FIRE & MARINE | : | |
| INSURANCE COMPANY | : | |
| P.O. Box 31361 | : | |
| Omaha, NE  68131 | : | |
| | : | |
| and | : | |
| | : | |
| KK INSURANCE AGENCY | : | |
| 541 Broadway | : | |
| Long Branch, NJ 07740 | : | |
| | : | |

*FILED*
MAY - 8 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## AMENDED CIVIL ACTION COMPLAINT

Plaintiff, Purvi LLC, t/a The Lincoln Motel, file this Amended Complaint against

Defendants, National Fire and Marine Insurance Company (hereinafter "National") and KK

Insurance Agency (hereinafter "KK"), as follows:

I.     **THE PARTIES**

1.     Plaintiff, Purvi LLC, t/a The Lincoln Motel, and owned by Jyoti Panwala, is an

limited liability corporation duly organized and existing which is authorized to conduct business

as an motel within the Commonwealth of Pennsylvania and maintains a place of business for that

purpose at the address set forth above.

2.     Defendant, National Fire & Marine Insurance Company, is a corporation duly

organized and existing which is authorized to conduct business as an insurance company within

the Commonwealth of Pennsylvania and maintains a place of business for that purpose at the

address set forth above and issues policies of insurance within the City and County of Philadelphia.

3.      Defendant, KK Insurance Company, Inc. ("KK Insurance"), is a corporation duly organized and existing which is authorized to conduct business as an insurance company within the Commonwealth of Pennsylvania and maintains a place of business for that purpose at the address set forth above.

## II.      JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the parties to this action pursuant to 28 U.S.C. §1331, there being a complete diversity of citizenship between the parties, and the amount in controversy being in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

5.      Venue is proper in the United States District Court for the Eastern District of Pennsylvania since the events giving rise to the Plaintiffs' claims arose within the Eastern District of Pennsylvania.

## III.     OBJECTIVE FACTS

6.      KK Insurance, in its regular course of business issued to Plaintiff a policy of insurance ("the Policy") underwritten by Defendant National Fire, covering Plaintiff's property located at 2277 Lincoln Hwy, US Route 1, Trevose, PA 19053-6813 ("the Property").   A copy of the Policy is not in Plaintiffs' possession, but a copy of same is believed to be in Defendant's care, custody and control.

7.      On or about 5/14/2017, while the Policy was in full force and effect, Plaintiff suffered direct physical loss and damage to the insured Property believed to be the result of a peril insured against under the Policy, including but not limited to fire damage and associated

damaged resulting in damage to the insured premises and those areas and to the extent set forth

in the preliminary estimate of loss, a true and correct copy of which is attached hereto and made

part hereof and marked Exhibit "A".

        8.     Notice of this covered loss was given to Defendant in a prompt and timely manner

and Plaintiff, at all relevant times, fully complied with all of the terms and conditions required by

the Policy.

        9.     Defendant, despite demand for benefits under the Policy, has refused, without

legal justification or cause, and continues to refuse, to pay to Plaintiff monies owed for the

damages suffered as a result of the Loss.

        10.    Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as

required under the Policy, Plaintiff has suffered loss and damage in an amount in excess of

$50,000.00 including, but not limited to, damages to Plaintiff's structure, contents, loss of

business income, and other associated damages.

## COUNT I
### (National Fire)
### In Assumpsit - Breach of Contract

        11.    Plaintiff incorporates by reference the facts and allegations contained in the

foregoing paragraphs as though fully set forth hereinafter at length.

        12.    Defendant is obligated by the terms of the contract to indemnify Plaintiff's loss.

        13.    Despite submission of reasonable proof and demand for full and complete

payment with respect to Plaintiff's Loss, Defendant has not paid to Plaintiff all of the policy

benefits to which they are entitled under the Policy and has refused to provide funds sufficient to

bring Plaintiffs' property to pre-loss condition.

        14.    Defendant's denial of coverage was made without a reasonable basis in fact.

15.     Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount in excess of $50,000.00, together with interest and court costs.

## COUNT II
### (National Fire)
### In Trespass - 42 Pa.C.S.A. §8371

16.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

17.     Defendant has engaged in bad faith conduct toward Plaintiff with respect to its adjustment of Plaintiff's covered Loss, in violation of 42 Pa.C.S.A. §8371 et seq.

18.     In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered Loss, Defendant, acting by and through its duly authorized agents, servants, workmen or employees has engaged in the following conduct:

a.     by sending correspondence falsely representing the damages that Plaintiff suffered from a loss caused by a peril insured against under the Policy;

b.     in failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policy;

c.     in failing to pay Plaintiff's covered loss in a prompt and timely manner;

d.     in failing to objectively and fairly evaluate Plaintiff's claim;

e.     in conducting an unfair and unreasonable investigation of Plaintiff's claim;

f.     in asserting Policy defenses without a reasonable basis in fact;

g.      in flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;

h.      in failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claim;

i.      in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;

j.      in failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim;

k.      in unreasonably withholding policy benefits;

l.      in acting unreasonably and unfairly in response to Plaintiff's claim;

m.      in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation;

n.      in negligently, grossly, and/or purposefully underpaying Plaintiff's claim despite the evidence of damages exceeding the amount paid.

19.      For the reasons set forth above, Defendant has acted in bad faith in violation of 42 Pa.C.S.A. §8371, for which Defendant is liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages, and such other compensatory and/or consequential damages as are permitted  by law.

## COUNT III (KK Insurance)
### Errors and Omissions

20.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

21.     Plaintiff retained KK Insurance for the purpose of obtaining insurance coverage for 2277 Lincoln Hwy, US Route 1, Trevose, PA, owned by Plaintiff.

20.     KK Insurance had a duty to procure necessary, proper and adequate insurance coverage for the premises owned by Plaintiff in accordance with the standards and practices for insurance agents and brokers selling policies of insurance within the Commonwealth of Pennsylvania.

21.     Plaintiff reasonably relied upon the special skill and professional confidence of KK Insurance to procure for them the necessary and adequate insurance coverage for their premises located at 2277 Lincoln Hwy, US Route 1, Trevose, PA.

22.     Despite Plaintiff's reliance and their undertaking to obtain necessary and adequate insurance coverage for the premises at 2277 Lincoln Hwy, US Route 1, Trevose, PA, KK Insurance negligently failed to obtain proper and adequate insurance coverage and as a result, Plaintiff has been denied enough coverage for what would otherwise be a covered loss under any policy of insurance that could be issued for the property.

23.     The direct, factual and proximate cause of this loss was the carelessness and negligence of KK Insurance acting by and through its duly authorized agents, servants, workers or employees, consisting as follows:

        a.      in failing to obtain adequate insurance coverage for Plaintiff that would account for Plaintiff's repair bills;

        b.     in allowing Plaintiff to suffer a loss of business resulting from the loss;

    c. in allowing Plaintiff to a suffer a loss of income resulting from the loss;

    d. in failing to obtain proper and adequate building code upgrade insurance coverage for Plaintiff;

  24. As a direct, factual and proximate result of the negligence of KK Insurance, Plaintiff has suffered damages in the form of a denial of insurance.

  **WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00, together with interest, court costs, counsel fees and damages for delay.

      LAW OFFICES OF JONATHAN WHEELER, P.C.

      BY: */s/ Anthony DiUlio*
         ANTHONY DIULIO, ESQUIRE
         Attorney for Plaintiff(s)